IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WILLIAM HADLEY and WENDY HADLEY, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) CIVIL ACTION FILE ) NO. |
| BANK OF AMERICA, N.A., and BANK OF AMERICA MERRILL LYNCH ASSET HOLDINGS, INC., SELENE FINANCE L.P. and US BANK N.A. as TRUSTEE FOR BCAT 2016-18TT | ) ) ) Removed from Cherokee County ) Civil Action No. 17-CV-0444-DC ) ) |
| Defendants. | ) ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1369, 1441 and 1446, Defendants Bank of America, N.A. ("BANA") and BOFA Merrill Lynch Asset Holdings, Inc., improperly named as Bank of America Merrill Lynch Asset Holdings, Inc.[1] (collectively, "Defendants") hereby remove this action from the Superior Court of Cherokee County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division. Removal is based on federal question

---

[1] BANA is unaware of any connection BOFA Merrill Lynch Asset Holding, Inc. has with the subject loan or claims in this lawsuit and reserves the right to contest its inclusion as an improper party.

jurisdiction because a federal question appears on the face of the initial pleading filed by Plaintiffs William Hadley and Wendy Hadley ("Plaintiffs"). Removal is also based on diversity jurisdiction because Plaintiffs and all Defendants have complete diversity of citizenship, and the amount in controversy exceeds $75,000.00. In support of this Notice, Defendants state as follows:

## I.   Background

1.  This case was originally filed by Plaintiffs in the Superior Court of Cherokee County, Georgia on March 14, 2017.  Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon Defendants are attached as **Exhibit A**.[2]

2.  Plaintiffs purportedly served Defendants with a copy of the Summons and Complaint on or about March 29, 2017.

3.  Plaintiffs purportedly served Defendant Selene Finance L.P. on or about March 29, 2017.

4.  Although difficult to decipher from Plaintiffs' sparse Complaint, they appear to attempt to assert a variety of causes of action including breach of contract, fraud, intentional infliction of emotional distress, interference with quiet enjoyment of property, and fraudulent reporting to credit bureaus (which

---

[2] Plaintiffs improperly attached a Confidential Settlement Agreement and Release as an exhibit to their Complaint.  Defendants have redacted that portion of Exhibit A prior to filing.

Defendants interpret to be an attempt to assert violation of the Fair Credit Reporting Act).  See generally, Compl.

## II.   This Notice of Removal is Timely Filed

5. This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of causes.

6. The removal of this action to this Court is timely under U.S.C. § 1446(b) because this Notice of Removal is filed within thirty (30) days after March 29, 2017, which is the date that Defendants were purportedly served with Plaintiffs' Complaint.

7. The United States District Court for the Northern District of Georgia is the proper place to file this Notice of Removal under 28 U.S.C. § 1441(a) because it is the federal district court that embraces the place where the original action was filed and is pending.

## III.   This Court Has Federal Question Jurisdiction.

8. Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331 (2010).  This Court has original jurisdiction here pursuant to 28 U.S.C. § 1331 because it is apparent on the face of Plaintiffs' Complaint that this action arises under and presents substantial questions of federal

law under the Fair Credit Reporting Act ("FCRA").  Without any detail or supporting allegations, Plaintiffs assert "fraudulent reporting to credit bureaus."  See Compl. ¶10.  Pursuant to federal law, any claim for damages related to allegedly false reports to credit bureaus are preempted by FCRA, so the claim would have to be asserted as a violation of a provision of FCRA.  See, e.g. Blackburn v. BAC Home Loans Servicing, LP, No. 4:11-cv-39 (M.D. GA. 2011); see also, Macpherson v. JPMorgan Chase Bank, N.A., 665 F.3d 45, 47-48 (2d Cir. 2011); Purcell v. Bank of Am., 659 F.3d 622, 624 (7th Cir. 2011).

9. Therefore, removal to this Court is proper under 28 U.S.C. § 1441(a), which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a) (2010).  A federal question appears on the face of Plaintiffs' Complaint, and these claims "arise under" federal law.

10. Further, to the extent the Complaint alleges statutory, state common law, or other nonfederal claims, this Court has supplemental jurisdiction over any such claims under 28 U.S.C. § 1367 because those claims arise out of the same operative facts as Plaintiffs' claim under federal law and "form part of the same

case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a) (2010).

11. Thus, because some of Plaintiffs' claims arise under the laws of the United States, removal of this entire cause of action is appropriate under 28 U.S.C. § 1441(a)-(c).

### IV.   This Court Has Diversity Jurisdiction

12. This Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiffs and Defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

13. Plaintiffs reside in Cherokee County, Georgia and are a citizen of the State of Georgia. See Compl. p. 7.

14. Defendant BANA is a national banking association organized under the laws of the United States. It is a citizen of North Carolina because its articles of association establish that location as its main office. See 28 U.S.C. § 1348; Wachovia Bank v. Schmidt, 546 U.S. 303, 307, 126 S. Ct. 941, 945 (2006) ("[A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located."); see also Hill v. Bank of America Corp., No. 06-cv-804GE, 2006 WL 1518874, at *1 (N.D. Ga. May 30,

5

2006) ("Bank of America, N.A. . . . is a national banking association located in the State of North Carolina, as designated in its articles of association.").

15. Upon information and belief, Defendant Selene Finance LP ("Selene") is a residential mortgage company which has its principal business address at 9990 Richmond Avenue, Suite 400 South, Houston, Texas 77042. Accordingly, Selene is a citizen of Texas.

16. Upon information and belief, Defendant US Bank N.A. as Trustee for BCAT 2016-18TT ("U.S. Bank") is a national banking association with its principal place of business in Cincinnati, Ohio. Therefore, for diversity jurisdiction purposes, U.S. Bank is a citizen of Ohio. See Wachovia Bank v. Schmidt, 546 U.S. 303 (2006).

17. Accordingly, complete diversity of citizenship exists because Plaintiffs and all Defendants are citizens of different states.

18. Plaintiffs do not pray for a certain sum in their Complaint, but it is clear that the amount in controversy exceeds $75,000.00. Although a removing defendant has the burden of proving the existence of federal jurisdiction, "where a Plaintiff has made an unspecified demand for damages, a lower burden of proof is warranted because there is simply no estimate of damages to which a court may defer." Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1356-57 (11th Cir.

1996), *overruled on other grounds*, Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000).  Thus, "where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000]³ jurisdictional requirement."  Tapscott, 77 F.3d at 1357.

19. Although Defendants deny that Plaintiff is entitled to recover any amount and specifically deny that Plaintiffs are entitled to the relief in the various forms sought, the Complaint seeks compensatory damages for multiple causes of actions as well as punitive damages and costs and expenses of litigation.  See Compl. pp. 2-4, ¶¶ 1-16.

20. Additionally, the amount in controversy may be established by the value of the property or the amount of the mortgage debt at issue.  See Mapp v. Deutsche Bank Nat'l Trust Co., No. 3:08–CV–695–WKW, 2009 U.S. Dist. LEXIS 100912, at *10–*17 (M.D. Ala. Oct. 28, 2009) (noting that the value of mortgaged property is more than just the value of the equity in the property because ownership of property is a "bundle of rights" including title to the home and the right to peaceful possession and enjoyment of the property and holding that these

---

³ Tapscott was based on the former $50,000 jurisdiction amount under U.S.C. § 1332 as it existed prior to the effective date of the October 19, 1996, amendment raising the jurisdiction amount to $75,000, so the actual quote from Tapscott says "$50,000."

7

objectives are "best measured by the value of the home itself"); see also Bourgeois v. Wells Fargo Bank, N.A., No. 10–00626–KD–N, 2011 U.S. Dist. LEXIS 24029 (S.D. Ala. Feb. 16, 2011) (applying Mapp). Plaintiffs assert claims against Selene and U.S. Bank challenging their standing to accelerate the note or foreclose. See Compl. pp. 4-6, ¶¶ 14-15.

21. Plaintiffs' claim revolves around the ability of Selene and/or U.S. Bank to foreclose on real property Plaintiffs used to secure an original loan of $244,800.00. See Compl., Ex. 3. Plaintiffs subsequently modified the principal balance of the loan to $327,255.78. See Compl., Ex. 2. Thus, the amount of Plaintiffs' mortgage loan exceeds $75,000.00. This fact alone establishes that the amount in controversy exceeds $75,000.00.

22. It is also well-settled that courts include punitive damages when analyzing whether the amount in controversy requirement is met. See, e.g., Holley Equip. v. Credit Alliance Corp., 821 F.2d 1531, 1535 (11th Cir. 1987); Bassett v. Toyota Motor Credit Corp., 818 F. Supp. 1462 (S.D. Ala. 1993); Allstate Ins. Co. v. Hilbun, 692 F. Supp. 698 (S.D. Miss. 1988). Here, Plaintiffs clearly seek punitive damages in addition to their claim for compensatory damages. See Compl. p. 4 "Punitive Damages". Defendants deny that Plaintiffs are entitled to

any damages; however, it is clear from the face of their Complaint that Plaintiffs are seeking more than $75,000.00 in total damages

## V.     Removal to This Court is Proper

23.    This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiffs' Complaint raises substantial issues of federal law.

## VI.     Consent of Defendants

24.    This Notice is filed on behalf of Defendants and is based upon all properly joined and served parties.

25.    Defendants Selene and U.S. Bank have consent to the removal of this action through counsel. (A Copy of Selene's consent to removal is attached hereto as **Exhibit B**.)

## VI.    Notice of Removal to the Superior Court of Cherokee County, Georgia

26.    Concurrently with this Notice of Removal, Defendants will file a copy of this Notice with the Superior Court of Cherokee County, Georgia.

WHEREFORE, Defendants file this Notice of Removal and remove the civil action to the United States District Court for the Northern District of Georgia.

This 28th day of April, 2017.

      /s/ Jarrod S. Mendel
Jarrod S. Mendel
Georgia Bar No. 435188
McGuireWoods LLP
1230 Peachtree Street, NE
Promenade II, Suite 2100
Atlanta, Georgia 30309-3534
(404) 443-5713 (Telephone)
(404) 443-5687 (Facsimile)
jmendel@mcguirewoods.com
*Attorneys for Defendants Bank of America, N.A. and BOFA Merrill Lynch Asset Holdings, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WILLIAM HADLEY and WENDY HADLEY, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) CIVIL ACTION FILE ) NO. |
| BANK OF AMERICA, N.A., and BANK OF AMERICA MERRILL LYNCH ASSET HOLDINGS, INC., SELENE FINANCE L.P. and US BANK N.A. as TRUSTEE FOR BCAT 2016-18TT | ) ) ) Removed from Cherokee County ) Civil Action No. 17-CV-0444-DC ) ) |
| Defendants. | ) ) |

## **CERTIFICATE OF SERVICE, FONT AND MARGINS**

I hereby certify that on April 28, 2017 I filed the foregoing *Notice of Removal* with the Clerk of the Court using the CM/ECF system and mailed a true copy of same via First-Class Mail, postage prepaid, addressed to:

William Hadley
Wendy Hadley
254 Pineview Drive
Canton, Georgia 30114
*Pro Se Plaintiffs*

I further certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court.

                                              /s/ Jarrod S. Mendel
                                              Jarrod S. Mendel