IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WILLIAM HADLEY and WENDY
HADLEY,

    Plaintiffs,

v.

BANK OF AMERICA, N.A., et al.,

    Defendants.

CIVIL ACTION NO.
1:17-CV-1522-TWT-LTW

## MAGISTRATE JUDGE'S ORDER AND REPORT AND RECOMMENDATION

This case is before the Court on (1) Defendants Selene Finance LP and U.S. Bank, N.A.'s first Motion to Dismiss Complaint (Doc. 3), Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 9), and Motions to Stay Pretrial Deadlines (Docs. 4, 10); (2) Defendants Bank of America, N.A. and BOFA Merrill Lynch Asset Holdings, Inc.'s first Motion to Dismiss Plaintiffs' Complaint (Doc. 5) and Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 12); and (3) McCalla Raymer Leibert Pierce, LLC's Motion to Dismiss Plaintiffs' Complaint and Amended Complaint (Doc. 18) and Motion to Stay Discovery and Pretrial Deadlines (Doc. 19). For the reasons outlined below, Defendants Selene Finance LP and U.S. Bank's and Defendants Bank of America, N.A. and BOFA Merrill Lynch Asset Holdings, Inc.'s first Motions to Dismiss should be **DEEMED MOOT**. (Docs. 3, 5). Defendants' Motions to Dismiss Plaintiffs' Amended Complaint

AO 72A
(Rev.8/82)

should be **GRANTED IN PART**. (Docs. 9, 12, 18). Defendants' requests that Plaintiffs' Amended Complaint be dismissed with prejudice and McCalla Raymer's request for attorneys' fees should be **DENIED** at this juncture. (Docs. 9, 12, 18). Plaintiffs may amend their Complaint and cure the pleading deficiencies discussed herein within fourteen (14) days of the date of this Order and Report and Recommendation. Finally, Defendants' Motions to Stay Pretrial Deadlines are **GRANTED**, and the commencement of the discovery period as well as the deadlines for the Rule 26(f) Early Planning Conference, the Joint Preliminary Report and Discovery Plan, and Initial Disclosures are stayed until thirty (30) days after the District Court rules on Defendants' Motions to Dismiss. (Docs. 4, 10, 19).

## DEFENDANTS' MOTIONS TO DISMISS

Pro se Plaintiffs William and Wendy Hadley ("Plaintiffs") filed the instant lawsuit against Defendants Bank of America, N.A. ("BANA"), Bank of America Merrill Lynch Asset Holdings, Inc. ("BOFA"), Selene Finance, L.P. ("Selene"), and U.S. Bank, N.A. as Trustee for BCAT 2016-18TT ("U.S. Bank") in the Superior Court of Cherokee County on April 28, 2017, arising out of the impending foreclosure of their property. (Doc. 1). Defendants removed Plaintiffs' Complaint to this Court on April 28, 2017, on the grounds that Plaintiffs' Complaint raised federal questions and the parties are diverse. On May 5, 2017, Selene and U.S. Bank moved to dismiss Plaintiffs'

AO 72A
(Rev.8/82)

Complaint. (Doc. 3). Defendants BANA and BOFA[1] also moved to dismiss Plaintiffs' Complaint on the same day. (Doc. 5). Plaintiffs filed their Verified Amended Complaint as a matter of right on May 22, 2017. (Doc. 6). Defendants Selene and U.S. Bank as well as Defendants BANA and BOFA subsequently moved to dismiss Plaintiffs' Amended Complaint. (Docs. 9, 12). Accordingly, the Motions to Dismiss Plaintiffs' original Complaint filed by Defendants Selene and U.S. Bank as well as by Defendants BANA and BOFA should be **DEEMED MOOT**. (Docs. 9, 12).

In Plaintiffs' Amended Complaint, they contend that BANA[2] violated a 2013 settlement agreement and loan modification between Plaintiffs and BANA by "adding an escrow account" to their loan in 2013, crediting escrow payments before principle and interest, placing principal and interest payments in a suspense account, charging inspection fees and late fees which were not authorized by the Security Deed, as well as sending notices of default and intent to accelerate the note even though Plaintiffs tendered all required payments under the 2013 settlement agreement and loan modification. (Am. Compl. ¶¶ 1- 12). Plaintiffs further contend that BANA and BOFA

---

[1] Defendants indicate in their Motion to Dismiss that Plaintiffs have improperly named Defendant Bank of America Merrill Lynch Asset Holdings, Inc. and that the Defendant should have been named BOFA Merrill Lynch Asset Holdings, Inc. Plaintiffs do not dispute that BOFA Merrill Lynch Asset Holdings, Inc. is the correct Defendant. If Plaintiffs choose to file a second amended complaint as permitted herein, Plaintiffs shall correct the name of Defendant.

[2] While Plaintiffs have also sued Bank of America Merrill Lynch Asset Holdings, Inc., Plaintiffs have not identified any culpable or actionable conduct by it.

were negligent when they violated their duty to apply payments in accordance with the settlement agreement and instead applied payments to a suspense account. (Am. Compl. ¶ 13). Plaintiffs contend that BANA converted principal and interest payments to a suspense account for its own gain and interfered with Plaintiffs' quiet enjoyment of the property by hanging door hangers on Plaintiffs' door, sending strangers to photograph the property, and sending late notices, notices of default, as well as notices of intent to accelerate. (Am. Compl. ¶¶ 5, 8). Plaintiffs further contend that BANA inflicted "severe emotional distress" by sending notices of default and intent to accelerate when all payments had been properly tendered in accordance with the 2013 settlement agreement and loan modification. (Am. Compl. ¶ 9). Finally, Plaintiffs contend that BANA and BOFA committed fraud when they indicated in the 2013 settlement agreement that there would be no escrow account and that an escrow account could never be required. (Am. Compl. ¶¶ 15-16).

Plaintiffs contend that Defendants Selene and U.S. Bank unlawfully attempted to foreclose on their property and violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692f ("FDCPA"), and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(f), when they initiated the foreclosure proceedings without owning the Deed or the Note. (Am. Compl., at pp. 6-7). Additionally, Plaintiffs assert the same claims for wrongful attempted foreclosure and for violations of the FDCPA against new Defendant McCalla Raymer Leibert Pierce LLC ("McCalla Raymer") in their Amended Complaint.

In Selene and U.S. Bank's Motion to Dismiss they contend that (1) Plaintiffs' Amended Complaint should be dismissed because it is inadequately pled in that Plaintiffs fail to allege any facts within their Amended Complaint; (2) Plaintiffs fail to show how Selene and U.S. Bank are connected with the Plaintiffs, Plaintiffs' property, the loan secured by Plaintiffs' property, or any agreement Plaintiffs have entered into in connection with their property; and (3) Plaintiffs' standing argument has been repeatedly rejected by Georgia courts. Selene and U.S. Bank contend that the dismissal should be with prejudice because Plaintiffs have already had one opportunity to amend their Complaint and still did not correct the deficiencies within their original Complaint. Defendants BANA and BOFA contend that (1) Plaintiffs' Amended Complaint should be dismissed because it is a shotgun pleading and Plaintiffs fail to identify any specific factual matter to support their claims; (2) Plaintiffs' breach of contract claim fails because Plaintiffs do not present factual allegations to support their conclusions that BANA and BOFA breached a contract; (3) Plaintiffs' breach of implied covenant of good faith and fair dealing claim fails because it is not an independent basis for liability; (4) Plaintiffs' conversion claim fails because a conversion claim cannot stem from failure to apply payments in accordance with contractual terms; (5) Plaintiffs' negligence claim fails because Plaintiffs do not identify a duty that BANA and BOFA breached and under Georgia law and there is no duty arising out of the typical mortgage lender and borrower relationship; (6) Plaintiffs' fraud claim fails because they do not plead it with particularity and Plaintiffs may not both sue for breach of contract and

fraudulent inducement of the contract; and (7) Plaintiffs' intentional infliction of emotional distress claim fails because Plaintiffs have not identified outrageous conduct on behalf of Defendants BANA and BOFA and Plaintiffs have not alleged severe emotional distress.  Finally, Defendant McCalla Raymer contends that Plaintiffs' (1) FDCPA claim fails because Plaintiff provides no facts showing that McCalla Raymer took any action that violated the FDCPA or that McCalla Raymer was a debt collector under the FDCPA; and (2) wrongful attempted foreclosure claim fails because Plaintiffs do not allege facts showing that McCalla Raymer knowingly and intentionally published untrue and derogatory information concerning Plaintiffs' financial condition that caused Plaintiffs to sustain damages.

This Court agrees with Defendants that Plaintiffs' lawsuit is inadequately pled and as a result, fails to state a claim.  Dismissal for failure to state a claim is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief.  Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford Cty., 960 F.2d 1002, 1009-10 (11th Cir. 1992). Additionally, a complaint must contain specific factual matter, accepted as true, to state a claim for relief that is plausible on its face and to suggest the required elements of the claim. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Watts v. Florida Int'l Univ., 495 F.3d 1289, 1296 (11th Cir. 2007); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations

in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)). Thus, a complaint, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 677-78 (explaining that a pleading that offers only labels and conclusions or tenders naked assertions devoid of further factual enhancement is not sufficient under the Twombly standard). In this case, Plaintiffs' Amended Complaint is mostly devoid of specific factual allegations and is instead replete with legal conclusions. For example, Plaintiffs' Amended Complaint ambiguously asserts without providing any factual context that (1) "BANA breached the 2013 Settlement Agreement by adding an escrow account to the Hadley's loan in 2013" and the 2005 Security Deed by crediting escrow payments before principal and interest  (2) "BANA converted principal and interest payments to escrow [and to a suspense account] for their own gain"; and (3) "BANA created a false default by crediting part of the interest and principle payments to escrow." (Am. Compl. ¶ 1-5). Plaintiffs append their 2013 settlement agreement to their Amended Complaint which describes how escrow items should be handled. The Agreement provides that the Plaintiffs "shall pay directly, when and where payable," amounts due for any escrow items for which payment of funds into escrow have been waived by BANA. (Doc. 6-1, at 4-5). The agreement further provides that if Plaintiffs fail to pay the amount due for an escrow item, BANA may exercise its rights to pay such amounts on Plaintiffs' behalf and Plaintiffs will be

7

obligated to repay BANA the amount. (Doc. 6-1, at 4-5). Additionally, any amounts paid by the lender become additional debt of the borrower secured by the Security Deed and bear interest at the Note rate from the date of disbursement. (Doc. 6-1, at 22). Plaintiffs do not allege sufficient facts to show that BANA breached the provisions covering escrow items because Plaintiffs do not allege that they satisfied their obligations to directly pay obligated amounts for items which are normally escrow items or present sufficient facts to allow the court to infer that BANA's application of payments for escrow items was unjustified under their contractual arrangement. Iqbal, 556 U.S. at 677-78 (explaining that because there was an alternative and obvious lawful explanation for the defendant's conduct, the plaintiff's conclusory allegations asserting illegal motivations for the defendant's conduct was not enough meet the plausibility standard). Plaintiffs also do not include any facts showing the circumstances under which BANA placed their payments into escrow or a suspense account or any other details about the payments which were allegedly improperly placed into escrow or a suspense account. Thus, Plaintiffs merely state as legal conclusions that Defendants' alleged crediting of escrow payments before principal and interest was improper, that Defendants converted principal and interest payments to escrow for their own gain, and that Defendants' manner of handling Plaintiffs' payments "created a false default." Thus, Plaintiffs have failed to allege sufficient facts to make their breach of contract claim plausible. Iqbal, 556 U.S. at 678 (explaining that the plaintiff has the duty to state a claim for relief that is plausible on its face and that "[a] claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

Plaintiffs' factual allegations against Defendants Selene, U.S. Bank, and McCalla Raymer are even more bare-bones. Plaintiffs assert, for instance, that (1) "Selene does not own the Deed to Secure Debt or the Note; therefore legally, they cannot start any foreclosure proceedings"; (2) Selene violated its "statutory duty to promptly apply payments under U.S.C. § 1640(a)"; and (3) "[McCalla Raymer] lacked the legal standing to commence a foreclosure." (Am. Compl., at pp. 6-9). Plaintiffs omit, however, to include any facts about the alleged foreclosure, Selene's role in applying payments and facts supporting the notion that Selene did not promptly apply payments, Selene and McCalla Raymer's alleged role in the alleged foreclosure, and facts supporting Plaintiffs' legal conclusion that Selene did not own the Security Deed or that McCalla Raymer lacked standing to commence foreclosure. Plaintiffs' failure to provide factual context for their legal conclusions deprives the Court of the ability to infer that Plaintiffs' claims are plausible. Iqbal, 556 U.S. at 680-81 (explaining that plaintiff cannot satisfy obligation to plausibly allege claim with conclusory allegations and formulaic recitations of the elements of a claim). Accordingly, this Court agrees with Defendants that Plaintiffs' Amended Complaint should be **DISMISSED**.

Because Plaintiffs are proceeding pro se and this Court cannot conclude at this juncture that they cannot state a claim, however, this Court will give them one opportunity to amend their Complaint and cure the aforementioned deficiencies within

AO 72A
(Rev.8/82)

fourteen (14) days of the date of this Order and Report and Recommendation. The Amended Complaint must (1) address the shortcomings noted herein; (2) comply with the pleading requirements of Rules 8 and 9 of the Federal Rules of Civil Procedure; (3) include a factual background section setting forth the factual predicate (and not legal conclusions) for Plaintiffs' claims sufficient to provide context and to make their claims plausible; (4) identify by reference which specific factual allegations and acts by the Defendants support each cause of action within each count of Plaintiffs' Complaint; (5) clearly specify which Defendant is responsible for the alleged unlawful acts referenced within the Complaint; (6) clearly indicate the Defendant against whom Plaintiffs are bringing each cause of action and fully identify each Defendant's role with regard to Plaintiffs' loan, security deed, and any alleged cause of action; (7) when a pronoun or any other reference is used to refer to an entity discussed within the Complaint, clearly identify the entity to which the pronoun is referring as well as their role with regard to Plaintiffs' loan, security deed, and any alleged cause of action; and (8) exclude all generalized discussions of the mortgage industry, immaterial allegations, and discussion of cases or factual scenarios other than the facts specific to Plaintiffs' own loan, security deed, and foreclosure. **<u>Plaintiffs' failure to timely file their repleaded Complaint and cure the aforementioned deficiencies will result in this Court's recommendation that their case be dismissed with prejudice.</u>**

## DEFENDANTS' MOTIONS TO STAY

In Defendants' Motions to Stay Pretrial Deadlines (Docs. 4, 10, 19), Defendants

10

seek an Order delaying the commencement of the discovery period and staying the deadlines for the Rule 26(f) Early Planning Conference, the Joint Preliminary Report and Discovery Plan, and Initial Disclosures until after the District Court rules on Defendants' Motions to Dismiss.  Plaintiffs oppose a stay on the grounds that Defendants' Motion to Dismiss will be unsuccessful and the issues raised in the Motion to Dismiss could be answered in a pretrial disclosure.  (Doc. 14).  For good cause shown, Defendants' Motions are **GRANTED**, and the commencement of the discovery period as well as the deadlines for the Rule 26(f) Early Planning Conference, the Joint Preliminary Report and Discovery Plan, and Initial Disclosures are stayed until thirty (30) days after the District Court rules on Defendants' Motions to Dismiss.  (Docs. 4, 10, 19).

## CONCLUSION

For the reasons discussed above, Defendants Selene and U.S. Bank's and Defendants BANA and BOFA's first Motions to Dismiss should be **DEEMED MOOT**. (Docs. 3, 5).  Defendants' Motions to Dismiss Plaintiffs' Amended Complaint should be **GRANTED IN PART**.  (Docs. 9, 12, 18).  Defendants' requests that Plaintiffs' Amended Complaint be dismissed with prejudice and McCalla Raymer's request for attorneys' fees should be **DENIED** at this juncture.  (Docs. 9, 12, 18).  Plaintiffs may amend their Complaint and cure the pleading deficiencies discussed herein within fourteen (14) days of the date of this Order and Report and Recommendation.  Finally, Defendants' Motions to Stay Pretrial Deadlines are **GRANTED**, and the commencement

11

of the discovery period as well as the deadlines for the Rule 26(f) Early Planning Conference, the Joint Preliminary Report and Discovery Plan, and Initial Disclosures are stayed until thirty (30) days after the District Court rules on Defendants' Motions to Dismiss.  (Docs. 4, 10, 19).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 28th day of December, 2017.

/s/ Linda T. Walker
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)